MARY STEGAS
vs.
CHARLES STEGAS, ET UX.

Superior Court      New Haven County      File #48230

Present:   Hon. JOHN A. CORNELL, Judge.

George C. Conway,
Beers & Beers,                 Attorneys for the Plaintiff.

William F. Wynn,               Attorney for the Defendant.

MEMORANDUM FILED JANUARY 6, 1936.

CORNELL, J. The mortgage deed executed by the defendant to plaintiff and her since deceased husband states that it secures a debt owing by the former to the latter and that this debt is "evidenced by their promissory note, payable to

said grantees or order, on demand with interest at five per cent per annum, payable semi-annually."

The assignment of plaintiff as administratrix on her husband's estate to herself of her deceased husband's interest in the mortgage describes the latter accurately as to date, parties and amount and also identifies it by naming the page and volume in the Wallingford Land Records, where it is recorded. It adds: "Also in or to the promissory note . . . . described in the condition of said mortgage deed and secured thereby."

The note in question was not produced at the trial because it could not be found.

No question that there was a note executed by defendants, however, is raised since defendants admit it in their answer to the Substituted Complaint as, also, the fact that the note so executed was secured by a mortgage on the land now sought to be foreclosed.

There is, however, a discrepancy between the description of the character of the note as it appears in the mortgage and that from testimony adduced at the trial. The former states the instrument to be negotiable; the latter non-negotiable.

However, this may be ignored, since the action is between the immediate parties; the existence of the amount of the original indebtedness is undisputed, and it appears from the mortgage deed that the only office which the note performed was to evidence an admitted obligation.

It is, of course, evident from the written assignment that it was plaintiff's intention as administratrix to transfer to herself, individually, her husband's interest in both the debt and the mortgage which secured it, although it fails to say so, since it is in the interest in the "note" which is assigned and that the note described in the mortgage, which latter is not the note described in the evidence.

The reference to the mortgage in plaintiff's husband's estate is, however, rather vague in that all that is said on the subject is "One-half interest in mortgage deed on land situated in the State of Connecticut (first mortgage) in the Town of Wallingford, $3000." The only incidents in common between this description and the mortgage in suit is the reference to the place where the land is situated and the figure of $3000, which latter is, however, disputed. Otherwise, there is noth-

ing to identify the mortgage in which plaintiff s husband's interest is transferred to her as the one mentioned in the inventory

It is true, of course, that as an interest in land, title to her husband's interest in the mortgage descended to plaintiff by operation of law upon the latter's death, súbject to its being appropriated, if his personal estate proved insufficient to the payment of any ante-mortem claims—of which latter, however, the evidence shows none. The assignment, however, is not plaintiff's individually to another based on the theory that she already owned her husband's interest in it, but is made by her as administratrix and so has reference to a mortgage that formed part of the estate but does not appear in the inventory thereof because of lack of adequate description.

Again, it may be pointed out that the only interest listed in the inventory of plaintiff's husband's estate is one in a mortgage **deed**—nothing, whatever, is said about the mortgage **debt,** which is a necessary part of the estate.

Of course, the "debt is the thing" and the mortgage security only. It is elementary that the assignment of the debt carries the mortgage which secures it with it but it does not follow invariably that the assignment of the mortgage carries the debt with it. And, of course, where a mortgage is assigned but no transfer of the debt is made, extrinsic evidence is usually required to determine whether it was the intention to include the debt on the obligation representing it within the term "mortgage". No such evidence has been introduced here to show that the interest in the "mortgage **deed**" listed in the inventory includes the mortgage "debt" which is not listed as such.

The defendant here should not be placed in the position of being compelled to redeem and then after having done so, required to resort to proceedings if his title to the **property** is later questioned, to establish facts beyond doubt which are easily within the plaintiff's ability to make manifest now.

This will make the second occasion that it has been found necessary to return the file in this case since the trial—the first for questionable pleading and this for such action as the plaintiff may see fit to take to remedy the difficulties, pointed out, supra.

The court cannot reasonably be expected to make any further observations or suggestions; when the matter again comes back for decision it will be decided upon the pleadings and facts—documentary and otherwise—as they then present themselves.

No suggestion is made as to what measures or in what manner the defects noted, supra shall be corrected—only that the matter be taken care of with as little delay as possible.

The file and exhibits are being returned with this memorandum to the office of the clerk, for the convenience of counsel.